# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

VERVICIA HENDERSON et al.,

    Plaintiffs,

v.

LOCKHEED MARTIN CORPORATION et al.,

    Defendants.

Case No. 6:21-cv-1363-37DCI

## LOCKHEED MARTIN'S MOTION TO SUBMIT EVIDENCE AND ANALYSIS OF DR. PANIGRAHY'S PLAGIARISM IN OTHER LITIGATION

Pursuant to Local Rule 3.01(d), Lockheed Martin moves for leave to file a reply in support of its motion to exclude the proffered testimony of Dr. Panigrahy (Doc. 139)—specifically, to file Dr. Panigrahy's expert report submitted in *In re Zantac (Ranitidine) Products Liab. Litig.*, No. 20-MD-2924 (S.D. Fla. 2020), and to direct the Court to plagiarism in that report and potentially other work product.

Lockheed Martin has moved to exclude the expert opinions of Dr. Panigrahy in part because his expert report evinces substantial and material plagiarism. (Doc. 139 at 12–22.) Most significantly, Dr. Panigrahy plagiarized extensive portions of his report from IARC *Monographs*, holding IARC working groups' selections, compilations, and analyses of epidemiological studies out as his own (but routinely omitting or mischaracterizing IARC's contrary conclusions). (*See id.*)

At the January 24 general-causation motions hearing, the Court indicated that it might find a review of Dr. Panigrahy's report in the *Zantac* MDL helpful to the

Court's assessment of Dr. Panigrahy's report in this case. Consequently, Lockheed Martin obtained and analyzed Dr. Panigrahy's *Zantac* report.

Contrary to Dr. Panigrahy's sworn testimony that no portion of his initial report came from a report he prepared in another case (Doc. 136-3 at 17–18 (beginning at deposition page 65, line 22)), portions of Dr. Panigrahy's *Zantac* report are substantially identical to his report here. More significantly, Lockheed Martin has identified in the distinct portions of the *Zantac* report evidence of plagiarism similar in kind to Dr. Panigrahy's plagiarism in this case, holding out others' analyses of scientific literature as his own and citing only the underlying literature, if anything.

Accordingly, Lockheed Martin respectfully requests ten days to complete its analysis and submit a brief of no more than ten pages, in which Lockheed Martin will identify and explain instances of plagiarism in Dr. Panigrahy's *Zantac* report and any other plagiarized work product Lockheed Martin identifies in that time period. This misconduct goes directly to the reliability of Dr. Panigrahy's general-causation analyses and warrants careful scrutiny.

[*Signatures of counsel below*.]

Dated: February 13, 2023

Francis A. Citera*
citeraf@gtlaw.com
Gretchen N. Miller*
millerg@gtlaw.com
**GREENBERG TRAURIG, LLP**
77 West Wacker Dr., Ste. 3100
Chicago, Illinois 60601
Telephone: (312) 456-6583
Facsimile: (312) 899-0320

*Specially admitted*

Respectfully submitted,

/s/ Ryan Hopper
David B. Weinstein (FBN 604410)
weinsteind@gtlaw.com
Christopher Torres (FBN 0716731)
torresch@gtlaw.com
Ryan T. Hopper (FBN 0107347)
hopperr@gtlaw.com
Raymond Jackson (FBN 1028350)
jacksonra@gtlaw.com
Christopher R. White (FBN 1022219)
whitech@gtlaw.com
**GREENBERG TRAURIG, P.A.**
101 E. Kennedy Blvd., Ste. 1900
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900

*Attorneys for Defendant Lockheed Martin Corporation*

## LOCAL RULE 3.01(g) CERTIFICATION

I certify that counsel for Lockheed Martin conferred with counsel for Plaintiffs by Zoom on February 10, 2023, and that counsel for Plaintiffs oppose the relief requested in this Motion.

/s/ Ryan Hopper
Attorney

## CERTIFICATE OF SERVICE

I certify that on February 13, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Ryan Hopper
Attorney