UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VERVICIA HENDERSON *et al.*,

    Plaintiffs,

v.                                                                                            Case No. 6:21-cv-1363-RBD-DCI

LOCKHEED MARTIN
CORPORATION; and UNIVERSAL
CITY PROPERTY MANAGEMENT
COMPANY III, LLC,

    Defendants.
_____

## ORDER

This omnibus Order resolves various issues discussed at the April 30 hearing and otherwise recently raised. (*See* Doc. 417.)

The Court first takes up various issues relating to judgments already entered. Plaintiffs move to amend the judgment as to Plaintiff Naho Komatsu's claims to clarify which judgment extinguishes her claims. (Doc. 407.) The Court entered judgment against her son Ryo with the exclusion of Dr. Mattison, so that Order extinguished Naho's child consortium claim. (Doc. 398.) But she also had a spousal consortium claim pertaining to her husband Naoyuki, against whom the Court later entered judgment with the exclusion of Dr. Panigrahy. (Doc. 400.) So the Panigrahy judgment, not the Mattison one, extinguished the last of Naho's

claims. Neither Defendant opposes. (Docs. 409, 410.) This motion (Doc. 407) is **GRANTED**. Directions to the Clerk regarding the relevant amended judgments are below.

Plaintiffs also move to certify the judgment as to Dr. Panigrahy (Doc. 400) for interlocutory appeal. (Doc. 406.) Neither Defendant opposes. (Docs. 409, 410.) This motion (Doc. 406) is **GRANTED**. The Court finds that the Panigrahy judgment was a final disposition of individual claims and there is no just reason for delay in considering a piecemeal appeal under these circumstances—with numerous Plaintiffs having unique claims predicated on different experts whose claims are still ongoing and other appeals going up at the same time. *See Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 722–23 (11th Cir. 2021); *see also Commodores Ent. Corp. v. McClary*, No. 6:14-cv-1335, 2016 WL 4474635, at *2 (M.D. Fla. Aug. 25, 2016) (Dalton, J.). The Court **CERTIFIES** under Federal Rule of Civil Procedure 54(b) that there is no just reason to delay the entry of a final appealable judgment against the Plaintiffs identified in the Panigrahy summary judgment Order (Doc. 399, p. 13) as well as Plaintiff Naho Komatsu as detailed above. The Clerk is **DIRECTED** to enter an amended judgment pertaining to Panigrahy (*see* Doc. 400) pursuant to Federal Rule of Civil Procedure 54(b).[1]

---

[1] The judgment should take the following form: Pursuant to the Court's Order entered on March 18, 2024 (Doc. 399) and the Court's subsequent certification under Fed. R. Civ. P. 54(b),

In light of this amendment to the Panigrahy judgment, the Clerk is further **DIRECTED** to enter an amended judgment pertaining to Mattison (*see* Doc. 398).[2]

Further, the Court previously resolved Plaintiff Kristi Hujik's claims on multiple sclerosis but not infertility. (Doc. 383, p. 14 n.17.) The parties now stipulate (Doc. 415) that Hujik will not pursue the infertility issue, and her claim will be solely governed by the current appeal of the Court's judgment on Dr. Kantor and his MS opinion (Docs. 383, 384). So they jointly request Hujik's case be stayed pending the outcome of that appeal. That motion (Doc. 415) is **GRANTED**. This case is **STAYED** as to Plaintiff Hujik. The parties are **DIRECTED** to file a notice identifying the proper resolution of her claims once the relevant appeal is resolved.

Relatedly, the parties elsewhere stipulate as to which claims will travel with which appeals. (Doc. 414, p. 3.) If the parties wish the Court to take any further action on these stipulations, they should file separate motions to that effect.

---

judgment is entered in favor of Lockheed Martin Corporation and Universal City Property Management Company III, LLC and against Plaintiffs Arthur Anderson, Elizabeth Brackett, Justin Brunelle, Meredith Brunelle, Andrew Ebert, Christine Eidemiller, Richard Eidemiller, Katherine Flury, Donald Goertz, Elaine Goldschmidt, Victor Goldschmidt, Logan Goodson, Brendan Havens, Craig Henderson, Andrew Innes, Morgan Innes, Brian Kemp, Kelly Kemp, Kevin Kiely, Naoyuki Komatsu, Jeffrey Muddell, Stephanie Muddell, Marie Outing, Patricia Ramsey, Renee Ross, Kristen Sheen, Wendy Stone, Helen Tosti, John Tosti, Brenda White, and Naho Komatsu.

[2] The judgment should take the following form: Pursuant to the Court's Order entered on March 12, 2024 (Doc. 394) and subsequent clarification, judgment is entered in favor of Lockheed Martin Corporation and Universal City Property Management Company III, LLC and against Plaintiffs Austin Siegrist, Amanda Siegrist, Theodore Turk, and Ryo Komatsu.

Next, the parties and the Court discussed at the recent hearing the resolution of Dr. Sahu's fate-and-transport opinions, which have a wider applicability across the case. (Doc. 418.) The parties later stipulated that the motion to exclude Dr. Sahu (Doc. 316) remains live and ripe for the Court's consideration. (Doc. 419.) They also requested a hearing on the motion during the week of August 5, 2024, and that remaining deadlines be stayed during the consideration of this motion. (Doc. 421.) The request for hearing (Doc. 419, p. 3) is **GRANTED**, but the Court is unavailable on the parties' requested dates. So the motion (Doc. 316) is **SET** for an evidentiary hearing on **Monday, July 8, 2024, at 9:30 a.m.** The Court will set aside the entire day for the hearing. The Court will hear testimony from Dr. Sahu and oral argument. However, the parties' request (Doc. 419, p. 3) to stay the deadlines in the Fourth Amended Case Management and Scheduling Order (Doc. 420) is **DENIED**. Come what may with Dr. Sahu, the Court will not stop the forward progression of this case in the meantime.

The Sahu stipulation also referenced experts responding to Sahu, including Ballenger, Davies, Emsbo-Mattingly, Rouhani, Salazar, and James. (Doc. 419, p. 2.) The parties had previously stipulated that various motions—Docs. 142, 144, 146, 148, 283, 287, 289, 292, 294, 296, 299, 301, 304, 305, 307, 309, 310, 311, 312, 314, 316, 317, 317, 320—were to be denied without prejudice as moot in light of the Court's earlier Orders on causation. (Doc. 414, pp. 3–6; Doc. 418, pp. 16:7–17:13.) The Court

now considers the Sahu motion (Doc. 316) to remain live given the parties' stipulation (Doc. 419).[3] But it is unclear whether other motions pertaining to the responding experts—Docs. 144, 148, 299, 301, 304, 305, 307, 314—remain mooted by the previous stipulation (Doc. 414, pp. 3–6) or are live for consideration (*see* Doc. 419, p. 2). So by **Friday, June 14, 2024**, the parties are **DIRECTED** to file an updated stipulation clarifying which motions remain ripe for consideration and which are due to be denied as moot in light of the parties' recent agreement concerning Sahu. (*See* Doc. 414, pp. 3–6.)[4]

Additionally, in the earlier stipulation, the parties dispute what illnesses remain pending for Plaintiff Harrison Carp-Schursky. (*Id.* at 2 & n.1.) Plaintiffs assert that his illnesses are bilateral neurogenic clubfoot, midbrain glioma, and midline brain anomalies. Lockheed asserts that Carp-Schursky's brain illnesses (midbrain glioma and midline brain anomalies) were not encompassed within Dr. Mattison's congenital malformation opinions. The Court previously found that any of Carp-Schursky's illnesses not relying on Dr. Mattison were abandoned.

---

[3] The Court considers Sahu's opinions not moot even in the absence of a pending summary judgment motion because the parties have stipulated that his testimony will be offered for all remaining *Henderson* Plaintiffs whose claims have yet to be resolved. *See generally Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (defining a live controversy as one for which the court can give meaningful relief).

[4] For clarity, the updated stipulation should address all remaining motions at issue, not just those pertaining to experts responding to Sahu. Also, if only portions of James' report and corresponding motion are mooted (*see* Doc. 419, p. 2), the parties should specify which.

(Doc. 399, p. 4 n.5.) The parties are **DIRECTED** to further meet-and-confer on this issue and file a separate notice by **Friday, June 14, 2024**, advising the Court as to whether there are currently any issues ripe for resolution concerning Carp-Schursky and, if not, in what vehicle this dispute will be brought to the Court's consideration in the future.

The parties are **CAUTIONED** that raising fragmentary issues in miscellaneous documents without a request for action makes the Court's already-difficult task of managing this complex case in an orderly fashion into a near-impossible one. So does filing "requests" as notices or stipulations or otherwise not properly coded as motions in CMECF, which means the issue is not flagged as an action item for the Court's attention. So does filing new cases without indicating that they are related to the instant one. So does filing new stipulations without indicating whether they change the outcome of previous ones. This case is by no means clear-cut, but the Court expects the parties to do a better job of organization moving forward.

**IT IS SO ORDERED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 30, 2024.



ROY B. DALTON, JR.
United States District Judge