**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VERVICIA HENDERSON,** *et al.,*

        **Plaintiffs,**

**v.**                                                                    **Case No: 6:21-cv-1363-RBD-DCI**

**LOCKHEED MARTIN**
**CORPORATION and UNIVERSAL**
**CITY PROPERTY MANAGEMENT**
**COMPANY III, LLC,**

        **Defendants.**

_____

**ORDER**

On January 28, 2026, the Court conducted a hearing on the "Time-Sensitive Motion to Reopen Limited Discovery and Impose Sanctions" filed by Lockheed Martin Corporation (Lockheed). Docs. 561, 576. Due to the expedited nature of the request, the undersigned ruled from the bench and subsequently entered an order adopting the findings made throughout the hearing and memorializing the time-sensitive deadlines stated at the hearing. Doc. 576.

In relevant part, the Court granted the request and permitted Lockheed to take a limited deposition of Dr. John Pappas, M.D. (Dr. Pappas) for the purpose of obtaining his testimony for trial. *Id*. The Court also permitted Lockheed to serve on the other parties a supplemental expert report for Dr. John Graham  (Dr. Graham) to address the mt-ND5 issue set forth in the records of Rachel Rabin, M.S. and Dr. Pappas. *Id*.

Pending before the Court is Plaintiffs' "Opposed Motion to Strike Non-Responsive Portions of Dr. Graham's Supplemental Expert Report." Doc. 588 (the Motion). Plaintiffs argue that although the Court ordered "targeted discovery," Dr. Graham improperly augmented his report

to submit new opinions on topics unrelated to the mt-ND5 issue.  *Id*.  Plaintiffs contend that the

Court should strike the supplemental expert report (the Supplemental Report) and limit new

testimony to issues related to the mt-ND5 mutations.  *Id*.

Upon due consideration, the Court finds that the Motion is due to be denied.  The

undersigned made clear at the hearing that Dr. Graham's supplement may address Dr. Pappas's

and Rachel Rabin's records.  Doc. 588-1 at 66.  Specifically, the undersigned provided the

following parameters for the supplement:

> Regardless of whether the Pappas deposition takes place, I'm going to allow, on or
> before February 11th, Dr. Graham to present a supplement to his expert report. That
> supplement can include all of Dr. Pappas's and Ms. Rabin's records, but that's the
> limitation of it. It's just to address those records that were disclosed and the mt-
> RD5 [sic] issue, as disclosed in those records. So it can include those records and a
> discussion of that issue, that's it, on or before February 16th of 2026.

*Id*.

Plaintiffs now complain that the Supplemental Report includes "demonstrative pictures"

to show "[e]xamples of constraining effects of maternal bicornate uterus and persistent transverse

lie," but the pictures were absent from Dr. Graham's initial expert report.  Doc. 588 at 2.   The

Court finds, however, that a review of the Supplemental Report reflects a relationship between the

pictures or examples and the subject of Rachel Rabins and Dr. Pappas's progress notes.  *See* Doc.

588-3 at 3, 6.

Plaintiffs also take issue with Dr. Graham's discussion of prior treatment, family histories,

and maternal preconception tobacco, but there is a connection between that information and Rachel

Rabin and Dr. Pappas's records related to Dr. Chu and the MRI.  *See id*. at 6, 13.  Lastly, Plaintiffs

assert that Dr. Graham opines that the injuries are "most likely a consequence of marked fetal

constraint from a persistent transverse fetal lie resulting from a maternal bicornuate uterus with

associated vaginal bleeding from a subchorionic placental hemorrhage during the first trimester"

when that opinion is not found in the initial expert report and is "markedly disconnected from any supposed genetic cause." *Id*. at 2 to 3. But again, the Cout finds that the opinion is related to Rachel Rabin and Dr. Pappas's records. *See id*. at 6.

Overall, the Court has reviewed the Supplemental Report and agrees with Lockheed that Dr. Graham's discussion and analysis is well within the scope of the order. *See* Doc. 588-3. The Court is not persuaded that Dr. Graham's Supplemental Report is otherwise "non-responsive."

Accordingly, the Motion (Doc. 588) is **DENIED**.

**ORDERED** in Orlando, Florida on April 3, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE