**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

VERVICIA HENDERSON et al.,

    Plaintiffs,

v.

LOCKHEED MARTIN CORPORATION,

    Defendant.

Case No. 6:21-cv-1363-RBD-DCI

### LOCKHEED MARTIN'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Plaintiffs' Motion to Remand (Doc. 646) ignores the rule that governs it: Federal officer jurisdiction is assessed at the time of removal. What follows—whether summary judgment rulings, evidentiary orders, or trial stipulations—does not undo jurisdiction that was proper at the outset. Plaintiffs do not dispute that principle; they proceed as though it does not exist. This Court correctly denied remand in 2022 (Doc. 80), and nothing since has changed the analysis.

Plaintiffs' alternative requested relief confirms the impropriety of their motion. They ask the Court to "preclude Lockheed from contending that its activities at SLRC were neither ultrahazardous nor abnormally dangerous." (Doc. 646 at 10.) That request seeks a ruling on an element of Plaintiffs' claim, untethered to any procedural basis and raised through a motion that cannot supply one. A motion to remand cannot be used to obtain merits determinations, and the absence of any jurisdictional defect leaves nothing to remand in any event. The motion should be denied.

## I.    Plaintiffs' motion rests on a misstated record.

As has become routine in this case, the record requires correction.[1]

Plaintiffs assert that "Lockheed informed this Court that it has abandoned its prior assertion that the federal officer removal statute establishes subject matter jurisdiction" and that "Lockheed . . . no longer relies on [§ 1442] or contends that it establishes jurisdiction." (Doc. 646 at 1, 3.) Both statements are wrong. The Parties' joint pretrial statement—signed by counsel for both Parties—continues to identify 28 U.S.C. § 1442(a)(1) as the basis for jurisdiction, and Lockheed Martin has never made any statement to the contrary. (Doc. 620 at 1.) Plaintiffs' assertions are simply false.

Plaintiffs' characterization of Allen Turner's declaration is equally flawed. They claim that Allen Turner "for the first time" narrowed the description of Lockheed Martin's work at SLRC in his recent declaration. (Doc. 646 at 7.) That is wrong. In June 2023, Lockheed Martin submitted an earlier declaration from Mr. Turner making the same points: SLRC is a precision-manufacturing and research-and-development facility, and the manufacture of complete missile systems there ended in the 1990s. (Doc. 286-1 at ¶¶ 5, 9.) There is no "improper, abrupt change in position" (Doc. 648 at 8)—only a consistent description of the same facts.

Plaintiffs' broader accusation—that Lockheed Martin overstated federal direction to secure removal—fares no better. Plaintiffs' Complaint swept in activities

---

[1] (*E.g.*, Doc. 590 at 4 ("The Court is deeply troubled by Plaintiffs' counsel's express misrepresentation of the case law and expects better."); Doc. 635 at 4 ("First, the record requires correction . . . ."); Doc. 638 (filing the complete email chain "to correct the record").)

spanning more than fifty years (including periods when SLRC did manufacture complete missile systems) and alleged exposures to more than thirty chemicals, many of which were functionally mandated by, or otherwise implemented in consultation with, the U.S. Government. (*See* Doc. 56 at 11–20.) The claims set for trial have since narrowed through summary judgment—to fewer plaintiffs and fewer substances. But that change in litigation posture does not alter the jurisdictional inquiry.

## II.    Federal officer jurisdiction was proper at removal and remains proper.

Plaintiffs' eleventh-hour motion rests on a mistaken premise: that jurisdiction under § 1442 is claim-by-claim and rises or falls with the issues left for trial. It does not. Federal officer jurisdiction attaches to the entire action, and the jurisdictional inquiry is fixed at the time of removal. Each principle independently forecloses Plaintiffs' motion.

### A.    Federal officer jurisdiction applies to the entire action, not just the claims set for trial in a multi-claim case.

When federal officer removal applies, it removes the entire action, not a handful of claims in isolation. *See Nadler v. Mann*, 951 F.2d 301, 306 n.9 (11th Cir. 1992) ("[I]f one claim cognizable under Section 1442 is present, the entire action is removed, regardless of the relationship between the Section 1442 claim and the non-removable claims." (citation modified)). Once attached, that jurisdiction cannot be undone by later fact development, summary judgment rulings, or appeals. *Cf. In re 3M Combat Arms Earplug Prods. Liability Litigation*, 2020 WL 365617, at *5 (N.D. Fla. 2020) ("[R]emoval can be proper even if the defendant's federal defense is ultimately

rejected." (citation modified)); *LeBoeuf v. Huntington Ingalls, Inc.*, 2025 WL 1403139, at *3 (E.D. La. May 15, 2025) ("[J]urisdiction under 28 U.S.C. § 1442(a) survives the dismissal of federal defenses.").[2]

That principle resolves much of this motion. The Plaintiffs now proceeding to trial claimed that their health conditions were caused by exposure to **thirty-four** distinct substances. (Doc. 1-2 ¶¶ 125–58 (addressing each substance in a separately numbered paragraph and averring that each causes "the injuries suffered by Plaintiffs").) Lockheed Martin had colorable federal defenses to many of those substance-specific claims based on the Government's direct involvement in several aspects of the government contracting process, including the analyses and selection of substances used in various manufacturing operations. (Doc. 56 at 11–20 (citing *Boyle v. United Techs. Corp.*, 487 U.S. 500, 507 (1988) (addressing Government involvement with the claims in Lockheed Martin's opposition to Plaintiffs' motion to remand).) And as Lockheed Martin made clear from the outset, discovery was required to determine whether those defenses would apply to "all of Plaintiffs' claims or only a subset." (*Id.* at 18–19 (citing *Baker v. Atl. Richfield Co.*, 962 F.3d 937, 947 (7th Cir. 2020) (reasoning that a *Boyle* defense "might present complex issues, but the propriety of removal does not depend on the answers")).)

As it turned out though, *Boyle* proved unnecessary to prevail on most of

---

[2] *See also* 14C Fed. Prac. & Proc. Juris. § 3726 (Rev. 4th ed.) ("Because Section 1442(a)(1) authorizes removal of the entire action even if only one of the controversies it raises involves a federal officer or agency, the section creates a species of statutorily-mandated supplemental subject-matter jurisdiction.").

Plaintiffs' substance-specific claims. At the general causation stage, Lockheed Martin moved for, and the Court granted, summary judgment on **twenty-seven** substances based on Plaintiffs' failure to proffer expert causation testimony. (Doc. 370 at 23.) The principle that § 1442(a)(1) jurisdiction "will not be defeated by later developments in the suit" applies squarely to scenarios where substantive tort law requires an adjudication for the defendant following a valid federal officer removal. *See Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 & n.13 (6th Cir. 2010) (affirming the validity of a § 1442(a)(1) removal and the subsequent Rule 12(b)(6) dismissal of most of the plaintiffs' claims based on state duty-of-care analyses).

Plaintiffs' failure to provide essential expert testimony on these twenty-seven substance-specific claims made Lockheed Martin's corresponding federal defenses unnecessary, but it did not excise those claims from this case. Summary judgment is not the same as dismissal through a voluntary pleading amendment, as Rule 54(b) makes clear: "[A]ny order . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims."[3] Said differently, "a partial summary judgment decision—no matter how conclusive it appears—'does not end the action as to any of the claims.'" *CMYK Enters., Inc. v. Advanced Print Techs., LLC*, 154 F.4th 1329, 1332, 1335 (11th Cir. 2025). Nor must Lockheed Martin continue pressing federal defenses

---

[3] Although "the pleadings merge into the [pretrial statement (PTS)]" (Doc. 81 at 20), that merger does not erase prior summary judgment orders or earlier filings containing claims that have already been adjudicated. Rather, the PTS "controls the trial of this matter," not the case as a whole. (*Id.*) For the same reason, Plaintiffs' statement that "Lockheed has judicially admitted that it will not 'rely on the HMMPs for federal defenses at trial'" is inapt. (Doc. 646 at 4.) Jurisdiction is for the action, not just the claims at trial.

at trial on claims it has already won simply to preserve jurisdiction.

Plaintiffs' contrary view would produce precisely the instability § 1442 is designed to avoid. The claims adjudicated at summary judgment remain part of this action. If this Court were to remand now, those rulings would carry no preclusive effect in state court, and the same substance-specific claims would return to active litigation. *See, e.g.*, *Thomas v. The City of Jacksonville*, 673 F. App'x 900, 902 (11th Cir. 2016). If Plaintiffs proffer evidence of those substances, Lockheed Martin would then have to assert federal defenses—including under *Boyle*—in a state forum. Section 1442 does not contemplate that. Its purpose is to secure a federal forum for federal defenses at the outset of the case. *See, e.g.*, *Willingham v. Morgan*, 395 U.S. 402, 407 (1969) ("[O]ne of the most important reasons for removal is to have the validity of the defense . . . tried in a federal court. The officer need not win his case before he can have it removed.").

The same is true of the claims now on appeal. This Court entered summary judgment against numerous plaintiffs who alleged exposure over many years and to many substances. Had those claims proceeded to trial, Lockheed Martin could have asserted federal defenses.[4] Instead, this Court resolved those claims on summary

---

[4] For example, with some context-specific limitations, hexavalent chromium is a substance that likely supports a *Boyle* defense. All the Plaintiffs who asserted cancer claims and were subject to the Rule 54(b) judgment based on Dr. Panigrahy's exclusion (Doc. 400) claimed that hexavalent chromium exposure caused or contributed to their health conditions. But for the *Daubert*-based summary judgment in its favor, Lockheed Martin could likely have asserted at least a partial *Boyle* defense at a trial on those claims. But it cannot assert that same hexavalent-chromium defense as to the remaining Plaintiffs whose congenital-anomaly claims are set for trial because (a) Dr. Warburton has not opined on any substances other than PCE, TCE, or styrene and (b) Plaintiffs have now stipulated that their remaining causation allegations rest only on those three substances. (Doc. 414 at 1.)  Notably, that

judgment, and they are now before the Eleventh Circuit. Plaintiffs did not challenge jurisdiction there,[5] even though those claims are part of this same removed case.

The claims on appeal remain part of this action. If the Eleventh Circuit reverses, those claims will return to this Court for adjudication, and many will implicate federal defenses under *Boyle*. Indeed, even the premise that the Rule 54(b) certification was proper is uncertain. Although the Parties have treated it as such, the Eleventh Circuit has raised a jurisdictional question and questioned its authority at oral argument.[6] If the court of appeals concludes that no proper final judgment exists, it will dismiss the appeal. In that event, those claims would remain live in this Court and therefore remain subject to Plaintiffs' motion to remand.

The ordinary appellate rules confirm the point. A notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*,

---

[5] stipulation was not effected through a voluntarily amendment of the pleadings to excise Plaintiffs' prior allegations. And in any event, it does not alter the existing summary judgment on the twenty-seven substances adjudicated at the general-causation stage.

[5] *See, e.g.*, Appellants' Opening Brief, *Anderson v. Lockheed Martin Corporation*, Case No. 24-12047, ECF No. 19 (11th Cir., Aug. 5, 2024) (listing six issues on appeal);

[6] *See, e.g.*, Oral Argument at 1:01, *Anderson v. Lockheed Martin Corp.*, Case No. 24-12047 (11th Cir. Jan. 29, 2026), https://www.ca11.uscourts.gov/sites/default/files/oral_argument_recordings/24-12047_01292026.mp3 ("I am having a hard time understanding, based on the district court's order and our evaluation, even under an abuse of discretion standard, how the no just delay finding could possibly be made here to overcome the general . . . presumption against piecemeal appeals.") (Luck, J.). During this colloquy and in their briefs, Plaintiffs never expressed any concern that this Court lacked jurisdiction. *But see Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1297–98 (11th Cir. 1999) ("[W]e must . . . be satisfied that the district court had jurisdiction to entertain these cases on the merits.").

459 U.S. 56, 58 (1982). But that divestiture is limited.[7] The district court retains jurisdiction over the remainder of the case. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). It may proceed on claims not involved in the appeal so long as it does not "alter the status of the case as it rests before the Court of Appeals." *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) (citation modified). Remanding the action would divest this Court of jurisdiction over those claims and thereby alter the status of the case as it rests before the court of appeals. *See Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, Inc.*, 895 F.2d 711 (11th Cir. 1990) (holding that, once on appeal, "the district court . . . was without jurisdiction to dismiss this case and that its attempt to do so had no force or effect").

Plaintiffs' contrary analytical approach would splinter one civil action into shifting jurisdictional fragments, depending on which claims happen to be active at a given moment. Section 1442 does not work that way. Jurisdiction depends on the action as a whole, not the claims and defenses at trial in a multi-claim case.[8]

**B.      Jurisdiction is determined at the time of removal.**

In any event, the jurisdictional analysis does not depend on which claims remain today. Jurisdiction is determined at the time of removal.

"The federal officer removal statute is not 'narrow' or 'limited.'" *Willingham*,

---

[7] The divestiture persists until the Eleventh Circuit issues its mandate. *See U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1251 (11th Cir. 2020). No opinion—and thus, no mandate—has been issued yet.

[8] Accordingly, evidentiary rulings for trial—including the exclusion of the HMMPs—have no impact on this Court's jurisdiction of the action.

395 U.S. at 406. To the contrary, the Supreme Court "has made clear that the statute must be 'liberally construed.'" *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007). The statute "allows removal of any civil action against any officer of the United States, or 'any person acting under that officer,' 'for or relating to any act under color of such office.'" *Caver v. Cent. Alabama Elec. Coop.*, 845 F.3d 1135, 1142 (11th Cir. 2017) (quoting 28 U.S.C. § 1442(a)(1)). And the test is straightforward: whether the defendant "has advanced a colorable federal defense . . . not whether his defense will be successful." *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1429 (11th Cir. 1996). The standard is "quite low," and the defense need not be a "sustainable defense." *Caver*, 845 F.3d at 1144; *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 432 (1999) ("[R]equiring a 'clearly sustainable defense' rather than a colorable defense would defeat the purpose of the removal statute." (citation modified)). Nor does removing defendant need to "have a colorable federal defense for every claim; one colorable federal defense against one asserted claim is enough." *DeFiore v. SOC LLC*, 85 F.4th 546, 558 (9th Cir. 2023); *accord Nadler*, 951 F.2d at 306 n.9.

This Court has already applied that standard and held removal proper. (Doc. 80 at 3–4.) Plaintiffs do not meaningfully challenge that ruling as of the time it was made. Instead, they ask the Court to revisit it based on developments that came later— that Lockheed Martin will not press a federal defense at a trial involving a small subset of the many claims they originally alleged.

That argument misses the point. The question is not what defenses Lockheed Martin intends to emphasize at trial in 2026. The question is whether removal was

proper when the case entered federal court. It was.

The Eleventh Circuit explains that a court "must assess the complaint as it stood when the removal petition was filed." *Magnin*, 91 F.3d at 1429. In other words, "the nature of plaintiffs' claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands [a]t the time the petition for removal is filed." *Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 862–63 (5th Cir. 2021).

Later developments do not divest jurisdiction. "[T]he district court d[oes] not lose jurisdiction once Plaintiffs cease[] to assert a claim that was subject to the federal contractor defense." *Id.* (citation modified). "Nor does a federal court lose jurisdiction if the facts later indicate the federal defense fails." *Id.*; *Jamison v. Wiley*, 14 F.3d 222, 239 (4th Cir. 1994). "That the federal court ultimately rejects the federal defense that supported removal under § 1442(a)(1) does not mean that it thereby loses subject matter jurisdiction over the removed action." *Id.* [9]

That principle controls here.[10] This is not a case where jurisdiction evaporated

---

[9] Lockheed Martin strongly disagrees with Plaintiffs' characterization of what it would need to prove "to prevail on its federal-officer defense." (Doc. 646 at 8–9.) But this Court need not resolve that dispute. As the authorities above make clear, jurisdiction does not turn on whether the defense ultimately succeeds. Plaintiffs cite no authority—and Lockheed Martin is aware of none—suggesting that a defendant must prevail on its federal defense for removal jurisdiction to exist.

[10] Although Plaintiffs curiously make no mention of it now, they suggested to Lockheed Martin earlier this year that *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), might alter this analysis. It does not. *See LeBoeuf*, 2025 WL 1403139, at *3 (explaining that *Williams* is good law because "*Royal Canin* . . . does not affect the Court's jurisdiction under 28 U.S.C. § 1442 after the dismissal of [the] federal defense"); *LeBlanc v. Huntington Ingalls Inc.*, 2025 WL 1481961, at *3–4 (E.D. La. May 23, 2025) ("*Royal Canin* has no bearing on whether a case removed under § 1442(a) should be remanded."); *Steib v. Huntington Ingalls, Inc.*, No. CV 24-2486, 2025 WL 2532696, at *3 (E.D. La. Sept. 3, 2025) ("*Royal Canin* implicated the general removal statute under 28 U.S.C. § 1441, not federal officer removal pursuant to § 1442. . . . Thus, *Royal Canin* is inapposite.").

because the claims that would support federal defenses were voluntarily dismissed. Plaintiffs litigated—and lost—those claims on summary judgment. Their interlocutory losses do not create a jurisdictional defect.

## III.   Diversity jurisdiction independently supports subject-matter jurisdiction.

Plaintiffs' motion also fails because complete diversity now exists.

In their Fourth Amended Complaint, Plaintiffs alleged that diversity jurisdiction was lacking. (Doc. 26 ¶ 101.) Lockheed Martin denied that allegation. (Doc. 94 ¶ 104.) Plaintiffs now acknowledge that "complete diversity of citizenship exists." (Doc. 646 at 9.) Lockheed Martin agrees, as all Parties are diverse:

- Plaintiffs Jordan Schursky, Aubrey Carp, and Harrison Carp-Schursky are New York citizens. (Doc. 89, ¶¶ 47–49.)

- Plaintiffs Cristina Turk and Jack Turk are Florida citizens. (*Id.* ¶¶ 89–90.)

- Plaintiffs Jennifer Johnson, Drew Johnson, and Benjamin Johnson are Florida citizens. (*Id.* ¶¶ 56–58.)

- Defendant Lockheed Martin is a Maryland Corporation with its principal place of business in Bethesda, making it a Maryland citizen. (*Id.* ¶ 92.)

Because Plaintiffs seek more than $75,000, there is diversity jurisdiction under 28 U.S.C. § 1332.[11] *See also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 836 (1989)

---

[11] The presence of diversity followed (1) Plaintiffs' voluntary dismissal of a previously non-diverse Defendant—Universal City Development Partners, Ltd., a Florida resident (*see* Doc. 40 (notice of voluntary dismissal)), and (2) the Court's dismissal of non-diverse Plaintiff Brenda Jackson, a Maryland citizen, for failing to file a Plaintiff Fact Sheet, (Doc. 155). *See also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

(reaffirming that dismissal of non-diverse parties can establish jurisdiction, in part because "requiring dismissal after years of litigation would impose unnecessary and wasteful burdens on the parties, judges, and other litigants waiting for judicial attention.").

Plaintiffs respond by invoking the one-year limit on removal based on diversity.[12] (Doc. 646 at 9.) But that argument misses the point. This case is already in federal court. The question is not whether Lockheed Martin could remove it anew today on diversity grounds. The question is whether subject-matter jurisdiction exists now. It does. *Cf. Manrique v. Fagan*, No. 08-60501-CIV, 2009 WL 700999, at *5 (S.D. Fla. Mar. 16, 2009) ("[A]s this case is already in federal court under admiralty jurisdiction, the Court should not ignore diversity jurisdiction solely because it developed, properly, at a later time through the dismissal of a non-diverse defendant."). So even if the Court disagreed with Lockheed Martin on federal officer jurisdiction—and it should not—diversity supplies an independent basis to remain in federal court.

## IV. Plaintiffs' request to preclude Lockheed Martin from contesting whether its conduct was ultrahazardous is procedurally improper and meritless.

Plaintiffs' fallback request—to preclude Lockheed Martin from contesting whether its conduct was ultrahazardous—fails. It is not jurisdictional. It is, in substance, a motion in limine raised on the eve of trial, without any procedural basis.

---

[12] Plaintiffs' cited case of *A.S. v. SmithKline Beecham Corp.*, 769 F.3d 204 (3d Cir. 2014) confirms that "[t]his one-year time limit is procedural, not jurisdictional" and "may be equitably tolled in certain circumstances." *Id.* at 211.

Plaintiffs identify no rule that would authorize such relief in this posture. Nor could they. What Plaintiffs seek is a ruling that would effectively resolve an element of their claim without the ordinary process of adversarial presentation and without a motion properly directed to that issue. A motion to remand is not a vehicle for obtaining such relief. The request should be denied for that reason alone.

## CONCLUSION

The governing rule is straightforward: Federal officer removal jurisdiction is determined at the time of removal. Plaintiffs do not refute that rule, and they cannot avoid it.[13] Because jurisdiction was proper then, it remains proper now. And because complete diversity exists as well, federal jurisdiction independently remains secure. Plaintiffs' motion to remand should be denied.

---

[13] Plaintiffs say that "the equities counsel in favor of remand here." (Doc. 646 at 10.) That makes no sense. The parties have spent years litigating this case in this Court and are now under two weeks away from trial. Plaintiffs also concede that independent diversity jurisdiction exists. All equitable considerations point in one direction: keeping this case in the forum that unquestionably has jurisdiction. *Cf. Ford v. City of Goodwater*, No. 2:12CV1094-MHT, 2014 WL 37857 (M.D. Ala. Jan. 6, 2014) (declining a remand on the eve of trial because "judicial economy, convenience, and fairness to the parties all weigh in favor of this court's retaining jurisdiction"); *Hain Celestial Grp., Inc. v. Palmquist*, 146 S. Ct. 724, 730 (2026) ("If a district court 'cures' a jurisdictional defect prior to final judgment, then the court of appeals is not required to vacate that judgment even if, at some earlier point in the case, the district court lacked jurisdiction."). Plaintiffs' contrary argument reduces to "unnecessary formalism"—that diversity was not the original basis for removal. *See id.* But equity does not reward that kind of maneuvering. And in any event, this Court's jurisdiction does not rest on diversity alone; federal officer removal still provides an independent basis.

Dated: April 14, 2026

Respectfully submitted,

*/s/David B. Weinstein*
David B. Weinstein (FBN 604410)
weinsteind@gtlaw.com
Christopher Torres (FBN 0716731)
torresch@gtlaw.com
Ryan T. Hopper (FBN 0107347)
hopperr@gtlaw.com
Irina Khasin (FBN 1050729)
irina.khasin@gtlaw.com
Brian Porter (FBN 0120282)
brian.porter@gtlaw.com
Jennifer M. Faggion (FBN 46326)
jennifer.faggion@gtlaw.com
Madeleine J. Voigt (FBN 1050701)
maddie.voigt@gtlaw.com
Jeffrey A. Katz (FBN 1059007)
jeffrey.katz@gtlaw.com
**GREENBERG TRAURIG, P.A.**
101 E. Kennedy Blvd., Ste. 1900
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900

*Counsel for Defendant Lockheed Martin Corporation*

## CERTIFICATE OF SERVICE

I certify that on April 14, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ *David B. Weinstein*
Counsel for Lockheed Martin Corporation