**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HARRISON CARP-SCHURSKY;
AUBREY CARP; JORDAN
SCHURSKY; BENJAMIN
JOHNSON; JENNIFER JOHNSON;
DREW JOHNSON; JACK TURK; and
CRISTINA EICHSTAEDT,

      Plaintiffs,

v.                                                                                    Case No. 6:21-cv-1363-RBD-DCI

LOCKHEED MARTIN
CORPORATION,

      Defendant.

_____

**<u>ORDER</u>**

At issue are Lockheed's objections to designations in Bryan Baker's deposition (Doc. 702-1) and to Plaintiffs' Exhibit 828 (marked as Ex. 3 to Baker's deposition, discussed on pages 63–85 of the deposition).

Prior to trial, Plaintiffs sought to have Michelle Greco, a purported "whistleblower" who appears to have been a news reporter, testify at trial. (*See* Doc. 679; Doc. 702-1, p. 140:5–7.)

In 2009, Greco emailed Bryan Baker, who worked at the Florida Department of Environmental Protection ("FDEP"). (Pl. Ex. 828.) Greco asked Baker whether, once a remediation plan is in place, a property owner has an obligation to report

to FDEP if the contamination has made anyone sick. (*Id.* at 3.) Baker responded with a variety of opinion statements concerning who would be legally liable for making people sick, what doctors and lawyers would need to show to prove causation, and what FDEP's role is in such a situation. (*Id.* at 1–2.)

In the email above Baker's response to Greco, there is an internal email from Chrysanne Hamrah at Lockheed to various other Lockheed employees, including Lisbeth House, forwarding the Baker/Greco chain and stating, "FYI – more correspondence between FDEP and Michelle Greco." (*Id.* at 1.) Baker later stated at his deposition that he either forwarded his email chain to Hamrah and House or blind-copied them. (Doc. 702-1, pp. 65:22–65:6, 84:25–85:3.)

At a pretrial hearing, the Court excluded Greco from testifying because Plaintiffs' counsel admitted that she was not disclosed on any of their Rule 26 disclosures, and counsel could not articulate any reason for that failure. (*See* Doc. 679); Fed. R. Civ. P. 37(c) ("If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.").

During the testimony of Allen Turner at trial, Plaintiffs attempted to offer Pl. Ex. 828 — the Baker/Greco chain and the internal Lockheed email circulating it. (Doc. 699, Tr. 109:15–111:9.) Lockheed objected on hearsay and relevance grounds given the exclusion of Greco as a witness. (*Id.*) Plaintiffs argued that the email

2

establishes the "cozy relationship" between Lockheed and its regulators. (*Id.*) The Court sustained Lockheed's objection on hearsay grounds, and Pl. Ex. 828 was not received in evidence. (*Id.*)

Plaintiffs then notified the Court that they planned to introduce Baker's deposition, with the intent to again seek to introduce Pl. Ex. 828 through Baker. (Doc. 702-1, pp. 63:10–85:14 & Ex. 3 thereto (Pl. Ex. 828 for trial).) Lockheed submitted a variety of objections to particular lines and maintained its objection to Pl. Ex. 828. (*See id.*)

Pl. Ex. 828 and the discussion of it in Baker's deposition are largely **EXCLUDED**. The contents of Baker's email to Greco are replete with legal and medical opinions that Baker has not been shown to be qualified to render. *See LeBlanc v. Nortel Networks Corp.*, No. 3:03-CV-65, 2006 WL 8445961, at *11 (M.D. Ga. June 30, 2006) (unqualified legal opinion in email improper). These improper opinions and inflammatory statements about them are so intertwined throughout the email that it would not be feasible to redact them. The only probative value of the email lies in the fact that Baker forwarded (or bcc'd) the email to Lockheed. While the relationship between state regulators and Lockheed is not, in itself, at issue in the case, Plaintiffs are entitled to pursue their theory that a "cozy relationship" between FDEP and Lockheed Martin enabled the continued presence of contaminants and impacted remediation efforts. Baker's view that he

3

saw FDEP as part of Lockheed's "team" for contamination remediation could imply a close relationship and suggest that Lockheed did not take reasonable steps to prevent the spread of contamination, given its knowledge of lax regulatory oversight. The probative value of the email itself is marginal, especially when weighed against the highly prejudicial and misleading nature of Baker's comments in his email and deposition concerning legal and medical opinions he is not qualified to render. This prejudice is aggravated by Plaintiffs' failure to disclose Greco, the declarant of the originating email—but the Court's exclusion of Greco is not the sole basis for this ruling. *See Oasis Cap., LLC v. Nason, Yeager, Gerson, Harris & Fumero, P.A.*, No. 22-81913-CIV, 2025 WL 1166990, at *3–4 (S.D. Fla. Mar. 14, 2025) (excluding untimely disclosed witness and document she was intended to sponsor as hearsay).

Rather, on balance, the fact of the email will be admitted to show the relationship but the contents will be excluded based on Rule 403 balancing, hearsay, and improper expert opinion. The contents of Baker's email are undeniably out-of-court statements that bear on the central issues in the case: the presence of toxins at the Lockheed site, the adequacy of its remediation efforts, and causation. So it is unquestionably hearsay, which includes further inadmissible hearsay. That said, the fact that Baker forwarded the email to Lockheed and that Lockheed then internally circulated it is admissible as evidence

4

of a close relationship between Lockheed and the regulators. *See Amegy Bank Nat'l Ass'n v. DB Priv. Wealth Mortg., Ltd.*, No. 2:12-cv-243, 2014 WL 707176, at \*3 (M.D. Fla. Feb. 24, 2014) (fact of email being sent may be admitted to show characterization of relationship).

The Court gives the following specific guidance for redaction of the email chain and transcript: The entire top email from Hanrah to others at Lockheed, including the contents of that email, are admitted. The header of Baker's email to Greco on 7/29/09 at 9:27 am (from/sent/to/cc/subject) is admitted. The contents of Baker's email is excluded. The header of Greco's email to Baker on 7/28/09 at 9:47 pm is admitted. The content of Greco's email is excluded. Everything below that is excluded. In the deposition, page and lines 63:10–65:17 and 84:25–85:8 are admitted. Everything else from pages 63–85 is excluded. The parties are directed to meet-and-confer again about any objections outside of pages 63–85 and advise the Court whether objections remain for resolution.

**IT IS SO ORDERED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 1, 2026.



ROY B. DALTON, JR.
United States District Judge

5